**UNITED STATES of America**

v.

**Michael Aaron LITTLE.**

**No. C–CR–87–19.**

United States District Court,
W.D. North Carolina,
Charlotte Division.

July 15, 1987.

---

Max O. Cogburn, Asst. U.S. Atty., Asheville, N.C., for plaintiff.

Kenneth P. Andresen, Charlotte, N.C., for defendant.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on the Government's request for inquiry into Attorney status, filed July 7, 1987, and on Defendant's Motions, filed June 1, 1987, as follows:

(1) Motion to dismiss the Indictment on the ground of double jeopardy.

(2) Motion to dismiss the Indictment on the ground of prosecutorial Vindictiveness.

(3) Motion to exclude from use by the Government in this case all evidence which the Government had obtained by way of seizure, or otherwise, in the case of *United States v. Little*, C–CR–86–18, which evidence was disclosed by Defendant to the Government by way of a guilty plea in that case, as well as all further evidence obtained by the Government, either directly or indirectly, from such disclosed evidence.

A hearing was held at Charlotte, North Carolina on July 10, 1987 at which Kenneth P. Andresen, Esquire, appeared with Defendant Michael Aaron Little; and Max O. Cogburn, Jr. and Kenneth D. Bell, Chief Assistant United States Attorney and Assistant United States Attorney (AUSA), respectively, appeared for the Government.

## GOVERNMENT'S REQUEST FOR INQUIRY INTO ATTORNEY STATUS

The Government contends that there is a conflict or the appearance of conflict in Mr. Andresen's representation of Defendant Michael Little.

The Court heard counsel for the Government and for Defendant and makes the following findings of fact:

(1) Mr. Andresen served as AUSA in this District from April 1982 to March 28, 1986.

(2) In January of 1986 the Charlotte Police Department in a search of Michael Little's apartment in Charlotte found approximately 1 kilogram of cocaine there and informed the United States Attorney's Office that Defendant Michael Aaron Little and five other persons in the apartment had been arrested.

(3) Mr. Andresen, as AUSA, then had the Criminal Clerk prepare an Indictment containing one count charging Defendant with a violation of Title 18 U.S.C. § 841(a)(1) and a count charging a violation of Title 18 U.S.C.

§ 924(c). Another AUSA presented the Indictment to the grand jury which returned a true bill filed February 5, 1986 in this Court, Charlotte Division, and assigned the Docket No. C–CR–86–18–01.

(4) On February 7, 1986 the United States Attorney directed that all drug cases were to be assigned to the United States Attorney's Office in Asheville and the file in that case was sent to that office. The matter was handled thereafter through the negotiation of the plea agreement and the rule 11 hearing by Kenneth D. Bell and Max O. Cogburn, Jr. of the United States Attorney's Office in Asheville, and Mr. Andresen had no further connection with that case.

(5) In February of 1987, the United States Attorney's Office filed a two count Indictment against the Little Defendants and others. On March 2, 1987 the Government filed a forty count superseding indictment naming the three Littles in some of the counts, Docket No. C–CR–87–19–09.

(6) On February 25, 1987, Mr. Andresen wrote to Mr. Manuel H. Rodriguez, Attorney Advisor, Executive Office of United States Attorneys, Department of Justice, outlining Mr. Andresen's connection with the case C–CR–86–18–01, informing him that the Littles had requested that he represent them in a criminal matter arising under the bill of indictment filed in February of 1987, and also advising him that he had addressed the joint representation problem with the Littles, pointing out that he had brought these matters to the Government's attention of his own volition in order to allow all parties to review the facts and determine whether the case would in any way compromise the Government. A copy of the letter was sent to Mr. Cogburn and on March 6, 1987, to the Court. After prompting by the Court and Mr. Andresen, the Department of Justice, in a letter apparently dated May 6, 1987 and received on May 11, 1987, advised Mr. Andresen that although he was disqualified by 18 U.S.C. § 207(a) from relitigating facts related to the indictment signed in 1986 that he was not disqualified from representing the Littles in matters unrelated to the original indictment.

(7) The original indictment and the conviction of Defendant Michael Aaron Little are matters of public record.

■ The Court concludes based on the above findings that there is not a conflict which exists that would preclude Mr. Andresen from representing Defendants in C–CR–87–19 by reason of his minimal involvement in the earlier 1986 case C–CR–86–18–01. This case involves matters unrelated to the C–CR–86–18 case, other than matters of public record, and Defendants should not be deprived of the experienced and highly qualified attorney of their choice on the facts of this case.

## COLLATERAL ESTOPPEL

The next matter is Defendant Michael Aaron Little's Motion to dismiss the Indictment on the grounds of the collateral estoppel branch of the double jeopardy clause.

In his Memorandum regarding Defendant's Motion, filed June 25, 1987, Defendant states: "At the time of Little's plea and sentencing hearing, the Government had within its possession all the evidence it needed to pursue the conspiracy and CCE charges that he now faces." Defendant further states:

Obviously the Government possessed enough information in April of 1986 (and in fact offered much of it at the plea and sentencing hearing) to enable it to proceed, *at that time*, on the conspiracy and CCE charges which he now faces. It simply cannot be disputed that the Government has had a full and fair opportunity to present these charges. It chose not to do so and now must live with that decision.

The Court has not found, and Defendant has not cited, any cases which would support his contention that assuming *arguendo* that the Government knew all the facts

in April of 1986 that Defendant contends the Government knew, that the Government was compelled to file in April of 1986, an indictment including the charges in the superseding indictment filed in this case or run the risk of dismissal on the grounds of collateral estoppel.

*Jordan v. Commonwealth of Virginia,* 653 F.2d 870 (4th Cir.1980) arose out of a state court felony conviction for possession of a controlled narcotic substance after an earlier misdemeanor conviction for obtaining the same substance with a forged prescription. The defendant sought a *habeas corpus* on the grounds that the felony conviction was a violation of his rights under the Double Jeopardy Clause. The district court found double jeopardy and the Court of Appeals affirmed, stating:

> Analysis of proof in the instant case similarly reveals that the evidence necessarily used by the government in prosecuting the earlier misdemeanor charge would *totally* (emphasis added) have sufficed to sustain the later felony conviction. For when the government proved as it must have in the misdemeanor prosecution that Jordan had *obtained* the specific drug Eskatral, concededly a controlled substance under the felony statute, it had thereby established the essential elements of possession and controlled character of drug [sic] requisite to conviction of the felony.

Defendant also cited *United States v. McCoy,* 721 F.2d 473 (4th Cir.1983) and refers to the language of the opinion on p. 475:

> To date the guarantee against double jeopardy ... in successive prosecutions ... has been construed to prohibit a second prosecution based upon evidence adduced in a first prosecution when that evidence would support a conviction in both.

Defendant has not recognized that in C–CR–87–19, Count One charges a conspiracy and Count Forty of the Indictment charges a violation of 21 U.S.C. § 848 which provides that a person is engaged in a continuing criminal enterprise if—

(1) he violates any provision of this subchapter or subchapter II of this chapter the punishment for which is a felony, *and* (emphasis added)

(2) such violation is part of a continuing series of violations of this subchapter or subchapter II of this chapter—

(A) which are undertaken by such person in concert with five or more other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, *and* (emphasis added)

(B) from which such person obtains substantial income or resources.

It is obvious from a cursory glance that the April, 1986 prosecution and conviction through a guilty plea in C–CR–86–18 for possession with intent to distribute in January 1986 under Title 21 U.S.C. § 841(a)(1) does not suffice to sustain a conviction in C–CR–87–19 under Title 21 U.S.C. § 846, and Title 18 U.S.C. § 2 in Count 1, Title 21 U.S.C. § 854 in Count 2, Title 21 U.S.C. § 841(a)(1) and/or Title 18 U.S.C. § 2 in Counts 3, 4, 5, 6, 7, 8, 9, 10, 12, 13, 14, 22, 23, 30, 31, or Title 21 U.S.C. § 848 in Count 40.

█ The fact that the Government was aware in April of 1986 of all charged violations by Defendant in C–CR–87–19 would not constitute double jeopardy. That argument has no basis in law. There simply is no statutory provision or case law requiring the Government to file an indictment charging a defendant at any particular time or stage of the Government's knowledge of criminal violations by a defendant.

## VINDICTIVE PROSECUTION

The second argument that Defendant makes is that the circumstances show that Defendant is the target of both actual as well as presumptive vindictiveness.

The Court has carefully reviewed the case law which Defendant argues supports his position, has heard the testimony presented by Defendant's witness, Jimmy R. Miller, listened to the arguments of counsel, read the affidavits of Aaron Pas-

cal Little and Jacqueline Tate Little, filed July 14, 1987, and has listened to the tape of the testimony of Mr. Cogburn at the hearing before the Magistrate, as requested in the hand-delivered letter from Mr. Andresen, dated July 10, 1987.

Defendant, in his Memorandum, lists seven "objective" factors which he argues create a presumption of vindictiveness by the Government's filing the Indictment in C–CR–87–19, after Defendant's conviction in C–CR–86–18.

The factors listed are in substance that the Government possessed a wealth of information concerning the Defendant and his organization before entering into the plea agreement in C–CR–86–18, that the Government sought Little's cooperation against Williams and others, that there was a seven month hiatus between Williams' arrest and plea agreement, that the Government failed to obtain Little's cooperation or grand jury testimony in August, 1986, that the Government failed to obtain civil forfeiture of Little's car lot, and that the "new" Indictment was presented to the grand jury on February 3, 1987 the same day of Williams' sentencing and the voluntary dismissal of the civil forfeiture action.

Contrary to Defendant's contentions, the Government disputes the allegation that it had sufficient information to proceed with the superseding indictment in this case until it was presented to the grand jury in Asheville, North Carolina in March of 1987.

Mr. Cogburn testified at the hearing before the Magistrate in Charlotte, North Carolina on April 24, 1987 that he had not prepared any of the Counts in the superseding Indictment filed March 2, 1987 in Asheville (C–CR–87–19) at the time of the presentation to the grand jury in Charlotte of the two count Indictment filed in Charlotte, February 3, 1987 and that the only reason that shorter Indictment was presented at that time was because he was ordered to do so by the United States Attorney.

Mr. Cogburn testified that several of the attorneys for the lesser participants in the criminal activity charged against Defendant approached him with proposals for a plea agreement. Defendant, in his Memorandum, states:

> In any case, however, in which an individual charged initially in February, 1987, chose not to engage in a plea agreement with the United States, such individual was in fact reindicted on additional or enhanced charges on March 3, 1987.

That is not what Mr. Cogburn, Chief Assistant United States Attorney, testified. Mr. Cogburn testified:

> It would be wrong to say I called every attorney. The only attorneys I recall talking to between Indictment One and Indictment Two were attorneys who were trying to get in touch with me.... Everybody who I did not have some sort of agreement with who was already intended to be charged was recharged.

From Mr. Cogburn's testimony it appears that several potential lesser defendants who agreed to cooperate were not charged in this Indictment. The fact that the Government chose not to file additional charges against potential lesser defendants who agreed to cooperate, or to enter plea agreements with lesser defendants who are charged, does not indicate vindictiveness against Defendant Michael Aaron Little.

▮ From the testimony and evidence in this case, it appears to the Court that a premature charge against Defendant Michael Aaron Little was filed in 1986. This does not preclude the Government from bringing additional charges against Defendant when the extent and depth of Defendant's criminal violations are determined in a later and more in depth investigation.

> We recognize that prosecutors may be trained to bring all legitimate charges against an individual at the outset. Certainly, a prosecutor should not file any charge until he has investigated fully all the circumstances surrounding a case. To presume that every case is complete at the time the initial charge is filed, however, is to presume that every prosecutor is infallible, an assumption that would ignore the practical restraints imposed by often limited resources. *Unit-*

*ed States v. Goodwin,* 457 U.S. 368, 382 n. 14, 102 S.Ct. 2485, 2493 n. 14, 73 L.Ed.2d 74 (1982).

Based on the foregoing reasons, the Court declines to find actual or presumptive vindictiveness.

## EXCLUSION OF EVIDENCE

Defendant contends that because he entered into a plea agreement in C–CR–86–18, which included the language:

> Nothing which the Defendant discloses pursuant to this Plea Agreement shall be used against him in *any* criminal proceeding.

Defendant contends that evidence which had been seized from Little's apartment on January 10, 1986, and all additional evidence obtained, directly or indirectly therefrom must be excluded from the current case because by entering into a plea agreement Little waived all the constitutional protections that would have obtained to him. Defendant argues that in doing so, as a matter of law, he disclosed all of the seized evidence and all evidence obtained directly or indirectly therefrom by the Government.

■ This is, to say the least, a novel argument. The Court will recognize the common and accepted definition of the word "disclose." It is defined as "to uncover, to reveal, to open up, to expose to view." Defendant opens his Memorandum with the paragraphs:

(1) On January 10, 1986, various law enforcement officials, including James Sorrow of the Charlotte Police Department, forcibly entered Michael Little's apartment. . . .

(2) As a result of the searches and arrests, the officers seized various items including 802.26 grams of cocaine, $88,975.00 in cash, and two notebooks containing figures and names. . . .

Search and seizure of evidence by law enforcement officers would not indicate disclosure by Defendant.

But, Little continues in his Memorandum, on the next to last and last unnumbered page:

> Such disclosure is clear. Had Little chosen to challenge the seizure, and prevailed, the Government could not have used any of the seized evidence, nor any additional evidence obtained therefrom. By waiving the challenge, Little has, in fact, permitted use by the Government, in any way it chooses except as against him "in any criminal proceeding".

Again, a novel argument, but not persuasive. Defendant may still challenge the seizure, but he cannot by any strained argument change the meaning of "disclose" to include pre-disclosure "seizure".

NOW, THEREFORE, IT IS ORDERED:

(1) Defendant's Attorney, Mr. Andresen, may continue to represent Defendants.

(2) Defendant Michael Aaron Little's Motion to Dismiss on the ground of collateral estoppel is DENIED.

(3) Defendant Michael Aaron Little's Motion to Dismiss for prosecutorial vindictiveness is DENIED.

(4) Defendant Michael Aaron Little's Motion to Exclude Evidence obtained by seizure, and other than by Defendant's disclosure, is DENIED.